IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ESHED ALSTON, | § | |
| | § | |
| Plaintiff Below- | § | No. 366, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| ADMINISTRATIVE OFFICE | § | |
| OF THE COURTS, *et al.*, | § | C.A. No. K17C-05-004 |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: December 22, 2017
Decided: February 23, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 23rd day of February 2018, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, EShed Alston, filed this appeal from the Superior Court's judgment dismissing his complaint for failure to state a claim. After careful consideration of the parties' filings in this matter, we find no merit to the appeal. Thus, we affirm the Superior Court's judgment.

(2) The Superior Court record reflects that Alston filed a two-page complaint in the Superior Court on May 3, 2017. The complaint asserted that

the defendants[1] had engaged in a thirty-year pattern of "malicious and racist activities of fraud and of corruption and of illegal UNCONSTITUTIONAL racist obstruction of plaintiffs [sic] Constitutionally protected civil rights…." The complaint, however, did not allege any specific acts taken by the defendants reflecting racism, fraud, or corruption. Thus, the Superior Court granted the State's motion to dismiss the complaint under Superior Court Civil Rule 12(b)(6) for failure to state a claim.

(3)   We review *de novo* the dismissal of a complaint under Rule 12(b)(6).[2] Our review is limited to the well-pleaded allegations contained in the complaint, which we accept as true.[3] Well-pleaded allegations include specific allegations of fact and conclusions supported by specific allegations of fact.[4] We do not blindly accept as true conclusory allegations that are unsupported by specific facts or draw unreasonable inferences in the plaintiff's favor.[5]

(4)   In this case, even liberally construing Alston's *pro se* complaint, we find no error in the Superior Court's judgment. At the very least, a

---

[1] Alston's complaint named the defendants as: "The Administrative Office of the Delaware Courts; and the Supreme Court of Delaware; and the Delaware Superior Court; and the Court on the Judiciary Delaware [sic] the State Human Relations Commission and the State Department of Justice and to include Judge Terry Vaughn."

[2] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).

[3] *Id.*

[4] *White v. Panic*, 783 A.2d 543, 549 n.12 (Del. 2001).

[5] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011).

2

complaint must contain a short and plain statement of the claim that gives a defendant fair notice of what the claim is and the facts upon which it rests.[6] It must also contain a demand for judgment for the relief to which the plaintiff claims to be entitled.[7] Rather than satisfying this minimal threshold, Alston's complaint simply contained no allegations of fact and no demand for relief. We find no error in the Superior Court's dismissal of his complaint for failure to state a claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] Del. Super. Ct. Civ. R. 8(a).
[7] *Id.*